IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAT AMERICAN ASSURANCE,<br><br>    Plaintiff,<br><br>    v.<br><br>DANA LYNAE MCCORMICK, et al.,<br><br>    Defendants.<br>_____/ | No. C 05-02175 CRB<br><br>**MEMORANDUM AND ORDER** |

In this diversity declaratory relief action, plaintiff Great American, an automobile insurer, seeks a declaration that it has no duty to defend or indemnify Dana McCormick. Now pending are defendants' motion to have this Court, in its discretion, dismiss the insurer's action without prejudice. After carefully considering the papers filed by the parties, the Court concludes that oral argument is unnecessary, see Local Rule 7-1(b), and GRANTS the motions to dismiss without prejudice.

**FACTUAL BACKGROUND**

On the evening on May 24, 2004, Lee Breschini drove a Chevy Yukon owned by his father to a lake in Monterey County, where Breschini met up with a group of young people. While Breschini was on a boat on the lake, McCormick, who was drunk, came into possession of the keys to the Yukon and drove away. McCormick crashed the Chevy Yukon into a car carrying a family of five. The accident injured all the occupants of the other car,

killing Jada Benge, the mother of three young children. It also killed a passenger in the Yukon, Haley Bettencourt.

## PROCEDURAL HISTORY

The Benge family and the Bettencourt families (the "state court plaintiffs") each filed wrongful death actions against McCormick, Lee Breschini, Richard Breschini and others. The cases were related in state court. Among other things, the state court plaintiffs allege that Lee Breschini negligently permitted McCormick to drive the Yukon or, in the alternative, that he negligently failed to secure his keys such that McCormick was able to obtain them. Lee Breschini contends that McCormick asked if she could drive the car and he refused.

Plaintiff Great American insured the Yukon for Richard Breschini. McCormick made a demand on Great American for coverage on the theory that she was driving the Yukon with Lee Breschini's permission. Great American is defending McCormick under a reservation of rights.

Several months after the state court actions were filed, Great American filed this diversity declaratory judgment action. Great American seeks a declaration that McCormick did not have Breschini's permission to drive the Yukon and therefore it owes her no coverage. Now pending before the Court are McCormick's and the state plaintiffs' motions to dismiss this action pursuant to the Court's discretion.

## DISCUSSION

A lawsuit seeking federal declaratory relief must first present an actual case or controversy within the meaning of Article III. It must also fulfill statutory jurisdictional prerequisites. Even if a lawsuit fulfills both of those prerequisites, the district court must also be satisfied that entertaining the action is appropriate. See G.E.I.C.O. v. Dizol, 133 F.3d 1220, 1222-23 (9th Cir. 1998) (en banc). This last determination is discretionary. See id.; see also Huth v. Hartford Ins. Co. of the Midwest, 298 F.3d 800, 802 (9th Cir. 2002) ("The exercise of jurisdiction under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), is

2

committed to the sound discretion of the federal district courts. Even if the district court has subject matter jurisdiction, it is not required to exercise its authority to hear the case.").

The issue on defendants' motions is whether it is appropriate for this federal district court to entertain this state law action. The Supreme Court's decision in <u>Brillhart v. Excess Ins. Co. of Am.</u>, 316 U.S. 491, 494-95 (1942) "sets forth the primary factors for consideration." <u>Huth</u>, 298 F.3d at 803. "A district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation." <u>Id.</u>

In <u>American National Fire Ins. Co. v. Hungerford</u>, 53 F.3d 1012 (9th Cir. 1995), for example, an insurance company brought an action for declaratory relief in federal court seeking a declaration of non-coverage in a case currently pending against its insured in state court ("the state court action"). <u>Id.</u> at 1014. The Ninth Circuit noted that the insurer was not a party to the state court action, and that the federal declaratory relief action presented different legal issues than those in the state court action. The court nonetheless held "that when an ongoing state proceeding involves a state law issue that is predicated on the same factual transaction or occurrence involved in a matter pending before a federal court, the state court is the more suitable forum" for the insurer to bring a related claim. <u>Id.</u> at 1017.

The <u>Hungerford</u> court's holding was based on several concerns. First, since the coverage decision depended, in part, on the facts developed in the state court action, hearing the case in federal court "would simply result in waste of federal resources at every level of the decision making process." <u>Id.</u> at 1018. Second, since the state (California) offered the same remedy, that is, a declaratory judgment remedy, to exercise jurisdiction of the federal action "would only be encouraging forum shopping." <u>Id.</u> Finally, declining to exercise jurisdiction of the purely state law issues was in the interest of comity. <u>Id.</u>

<u>Hungerford</u> was overruled in part by the Ninth Circuit in <u>Dizol</u>. The en banc court held that a district court need not sua sponte determine whether it should exercise jurisdiction of a declaratory judgment action. 133 F.3d at 1227. The court also explained that the "pendency of a state court action does not, of itself, require a district court to refuse federal

3

declaratory relief." <u>Id.</u> at 1225. It reaffirmed, however, that "federal courts should generally decline to entertain reactive declaratory actions," that is, actions filed in response to pending state court actions. <u>Id.</u>

This not an appropriate case for the exercise of declaratory relief jurisdiction. First, the case is a reactive declaratory action: Great American filed this action in response to the state plaintiffs' lawsuits. Great American's complaint seeks a declaration that the insurance policy does not provide coverage for the claims made by the state plaintiffs against McCormick. Great American's argument that it is not forum-shopping because it needs a determination of its coverage responsibilities is unavailing. It could have filed a declaratory relief action in state court in Monterey County where such action could have been related to and coordinated with the pending state court actions. See <u>Polido v. State Farm Mut. Auto Ins. Co.</u>, 110 F.3d 1418, 1423 (9th Cir. 1997) (holding that insurer could have brought declaratory relief action "in a separate action to the same court that will decide the underlying tort action") (internal quotation marks and citation omitted) (reversed on other grounds by <u>Dizol</u>, 133 F.3d 1220.

Second, Great American's declaratory relief claim is predicated on the same factual transaction involved in the state court proceeding. As the state plaintiffs have sued Lee Breschini for negligently entrusting his vehicle to McCormick, the issue Great American seeks to litigate in this forum–whether Breschini gave McCormick permission to drive his car–is one of the factual issues being litigated in the state court proceedings. This is precisely the situation that the Ninth Circuit has counseled is more suitable for a state court to address. See <u>Dizol</u>, 133 F.3d at 1225.

Great American's assertion that McCormick's liability for the accident is not being litigated in this federal action and therefore the issues in the two proceedings do not overlap is unpersuasive. The state plaintiffs are litigating the "permission" factual issue in state court. These state plaintiffs are defendants in this federal action. If this Court were to rule that Breschini did not give McCormick permission to drive, and therefore Great American

4

owes McCormick no coverage, the state plaintiffs–defendants in this action–might be barred by issue preclusion from relitigating the issue in the state proceeding.

Moreover, resolution of this factual issue does impact McCormick's liability. Under Civil Code section 1431.2(a), non-economic damages "are several only and shall not be joint. Each defendant shall be liable only for the amount of non-economic damages allocated to that defendant in direct proportion to that defendant's percentage of fault." A ruling in this Court *against McCormick that she did not have permission,* would mean that the Breschinis might not have any liability to the state plaintiffs; thus, the extent of McCormick's liability would increase. Again, McCormick is a defendant in this action and thus may be precluded under issue preclusion from relitigating the "permission" issue in the state proceedings. In any event, this discussion demonstrates that the same factual issue would be litigated in two separate forums.

Third, not exercising jurisdiction of this action is in the interests of comity. If this federal case proceeds there will be a "race" between the state and federal actions to see which gets to judgment first. As this federal action involves only state law claims, such a race would be inconsistent with the principles of comity.

Lastly, Great American asks that, even if the Court declines to hear the declaratory relief claim with respect to the general liability policy, the Court should hear the claim as to the excess policy. It contends that McCormick is in no way covered by the policy irrespective of whether she had permission to drive the Yukon. To so hold, however, would proliferate the number of lawsuits and split Great American's claims for declaratory relief. The Court, in its discretion, declines to do so.

## CONCLUSION

For the foregoing reasons, this action is DISMISSED without prejudice.

**IT IS SO ORDERED.**

Dated: Nov. 15, 2005

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2005\2175\orderofdismissal.wpd    6